18

## In re JOHNSON'S ESTATE.
## FRANKLIN v. EXCHANGE TRUST CO., Ex'r.

No. 21050.   Opinion Filed Nov. 3, 1931.

J. J. Bruce, for plaintiff in error.

Thos. J. Horsley, C. Guy Cutlip, and Joe Chambers, for defendant in error.

KORNEGAY, J.   This is a proceeding by petition in error from the district court of Seminole county. The case started in the county court by an application made by the Exchange Trust Company to sell real estate belonging to the estate of J. Coody Johnson, deceased, whose estate it was administering. It set out the amount and value of the personal property that had come into its hands, and the appraised value of what was left, and also the amount of the indebtedness of the estate as far as it could be estimated, and amount due on family allowance, and the amount that had already accrued as expenses and charges of administration, and an estimate of what would accrue. It set out the amount of the real estate of which the decedent died seized or in which he had any interest, and its condition and value.

There was a long list of this, and among other pieces of real estate was the south half of the northwest quarter of section 34, township 9, range 8 east, in Seminole county. It set out the names of the legatees and devisees and heirs, and their places of residence, and it averred that it was necessary to sell the whole or some portion of the real estate to pay the debts, charges, and expenses of administration of the estate, and the prayer was to sell the whole or so much and such portion of the real estate described in the petition as the court shall deem necessary or beneficial, at private sale. The executor being a corporation, the petition was verified by its vice president.

After the usual notices, a protest was filed by the plaintiff in error against selling the 80 acres of land that had been devised to her by the deceased. The matter was set down for hearing, but was continued in the county court, apparently to give all parties a chance to be heard. At the hearing the executor made a showing as to the necessity of the sale. The plaintiff in error, by her attorneys, J. J. Bruce and J. A. Harris, filed objections to granting the petition for order of sale, her protest being verified on the 15th of April, 1929, and the cause was continued until the 23rd of April, 1929, at the instance of the plaintiff in error, at which time the plaintiff in error appeared, and also her attorneys, and the executor introduced proof, but the plaintiff in error did not introduce any before the county judge, as shown by the record.

An order was made to sell the property, including the 80 acres specially objected to, and an appeal was taken from the judgment of the county court and lodged in the district court, and the matter came on for hearing in the district court before the Honorable Lucius Babcock, an assigned judge, and the case was tried on the 17th day of July, 1929. On behalf of the executor, E. P. Jennings appeared and testified as to the condition of the estate, and was cross-examined by the attorney for the plaintiff in error, and exhibits were introduced, from which disbursements and receipts of the executor appeared, and it appeared that there was $55 in cash on hand, and there was an estimate of $25,000 indebtedness, besides several judgments and estimated expense, as shown by lengthy statements introduced together with the appraisals of the property.

It developed that there had been a sale beforehand, but difficulty had been had in making the titles, and at the time of the hearing the amount of the previous sales was to come in, and after the account was taken of the previous sales, that there was a large amount of indebtedness still outstanding, and that practically everything belonging to the estate was mortgaged and subject to foreclosure.

The court apparently patiently listened to all of the evidence, and before it was through it was apparent that the necessity for the sale of all the property was urgent, and the court rendered a judgment ordering the property sold, which was followed by exceptions on behalf of the plaintiff in error

and a motion for new trial, and its being overruled. In effect, the judgment of the district court affirmed the action of the county court. The order, omitting the particular description of the real estate, is as follows:

"Now, on this 17th day of July, 1929, the above-styled cause comes on for hearing in its regular order upon the petition of the Exchange Trust Company of Tulsa, Okla., a corporation, as executor and trustee of the last will and testament of J. Coody Johnson, deceased, for an order authorizing the sale of the whole or so much and such parts of the real estate described in said petition as shall be found by the court to be necessary or beneficial, said matter coming on for hearing upon an appeal from the order of the county court of Seminole county, Okla., in probate cause No. 3151; and the protestant, Julia Franklin, appears in person and by her attorney, J. J. Bruce, and the Exchange Trust Company appears by E. P. Jennings, its trust administrator, and by Cutlip, Horsley & Lott and Joe Chambers, its attorneys, and all parties announce ready for trial, and the court, having examined all the pleadings and having heard in open court the evidence and testimony offered by the executor in support of its petition and the evidence and testimony offered on behalf of the said Julia Franklin, one of the heirs, devisees, and legatees of the said Coody Johnson, deceased, who is objecting to the sale of said lands, and the court being sufficiently advised in the premises, finds that said objections are without foundation and should be denied and the same are hereby denied; and upon due examination and consideration of said petition for sale of real estate and the objections filed thereto, and after full hearing upon the same, and upon due consideration of the proofs offered in said matter, the court finds that the sale of that portion of the real estate belonging to said estate mentioned in said petition and hereafter described is necessary for the purpose of payment of the debts of said decedent and said estate and the costs, charges, and expenses of the administration of said estate and is for the best interests of said estate and of all persons interested therein.

"It is, therefore, ordered, adjudged, and decreed by the court, that the said Exchange Trust Company, as executor of the last will and testament of J. Coody Johnson, deceased, be, and it is hereby authorized and directed to sell in one parcel, or in separate parcels, or subdivisions, as the said executor shall judge most beneficial to said estate, at private sale, to the highest bidder, the following described real estate, on the following terms, to wit: * * *

"South half (S½) of the northwest quarter (N. W.¼) of section thirty-four (34),

township nine (9), range eight (8) east, Seminole county, Okla."

The time of the notice was further prescribed. We are asked to review this and reverse it. It embraced all real estate.

The grounds for such reversal are based upon the 80-acre tract being specifically devised, and the lack of necessity for the sale, and the order not being supported by sufficient evidence, and the method of arriving at the data for the judgment. We do not think that the county court erred in making the order of sale, and neither do we think that the district court erred in affirming the action of the county court.

Under the provisions of the Constitution and the statutes, the administration of estates is peculiarily intrusted to the county court and to the discretion of the county judge in large measure. The section of C. O. S. 1921, section 11202, prescribing the order of condemnation to sale of property to pay debts, prescribing the order of sale, undoubtedly is salutary, but in this case both courts found that it was necessary to sell it all, and considering the condition of the estate and the amount of known debts and estimated debts that were there, neither court has abused the discretion that is necessarily imposed in it. In fact, it appears almost certain that, if the amount of debts here shown exists, there will be a question as to whether or not the estate will be sufficient to pay the admitted debts. Evidently, to save foreclosure expenses and to make the assets go as far as possible, was the purpose of the executor and the courts below.

Before the district court, the plaintiff in error introduced several witnesses to give an estimate as to the value of this estate, but they were not very familiar with it, and their estimates were at times, apparently, thoroughly inaccurate. The district judge, who heard them and saw them, was of the opinion that it was to the best interest of the estate to make the order to sell the property. We do not find that the trial court violated any provisions of the law or abused its discretion.

The specially applicable statutes regulating the matter are sections 1267 to 1275, and sections 11200 to 11202, C. O. S. 1921. We think the lower court, under these statutes and the law, was justified in making the order of sale, and the cause is affirmed.

CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. LESTER, C. J., and RILEY and ANDREWS, JJ., absent.